ORIGINAL

1  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
2  THOMAS E. FRANKOVICH (State Bar No. 074414)
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiff
   CRAIG YATES, an individual

6

**FILED**

NOV – 2 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7              **UNITED STATES DISTRICT COURT**

**BZ**

8              **NORTHERN DISTRICT OF CALIFORNIA**

9

10

11  CRAIG YATES, an individual,              ) **C 09      5183**
                                            ) **CASE NO.**
12         Plaintiff,                        ) **Civil Rights**
                                            )
13  v.                                       ) **COMPLAINT FOR INJUNCTIVE RELIEF**
                                            ) **AND DAMAGES:**
14  LITTLE BANGKOK a.k.a., BASIM N.          )
    DUDUM and JEANETTE B. DUDUM,             ) **1st CAUSE OF ACTION:** For Denial of Access
15  Trustees of the DUDUM FAMILY TRUST,      ) by a Public Accommodation in Violation of the
                                            ) Americans with Disabilities Act of 1990 (42
16                                           ) U.S.C. §12101, *et seq.*)
                                            )
17         Defendants.                       ) **2nd CAUSE OF ACTION:** For Denial of Full
                                            ) and Equal Access in Violation of California
18                                           ) Civil Code §§54, 54.1 and 54.3
    _____ )
19                                             **3rd CAUSE OF ACTION:** For Denial of
                                               Accessible Sanitary Facilities in Violation of
20                                             California Health & Safety Code §19955, *et seq.*

21                                             **4th CAUSE OF ACTION:** For Denial of
                                               Access to Full and Equal Accommodations,
22                                             Advantages, Facilities, Privileges and/or
                                               Services in Violation of California Civil Code
23                                             §51, *et seq.* (The Unruh Civil Rights Act)

24

25                                             **DEMAND FOR JURY**

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Plaintiff CRAIG YATES, an individual, complains of defendants BASIM N. DUDUM
2  and JEANETTE B. DUDUM, Trustees of the DUDUM FAMILY TRUST and alleges as follows:
3  **INTRODUCTION:**

4    1.    This is a civil rights action for discrimination against persons with physical
5  disabilities, of which class plaintiff CRAIG YATES and the disability community are members,
6  for failure to remove architectural barriers structural in nature at defendants' LITTLE
7  BANGKOK, a place of public accommodation, thereby discriminatorily denying plaintiff and the
8  class of other similarly situated persons with physical disabilities access to, the full and equal
9  enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and
10 accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the
11 Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,
12 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

13   2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about
14 May 27, 2009, August 18, 2009, September 13, 2009 and October 10, 2009, was an invitee,
15 guest, patron, customer at defendants' LITTLE BANGKOK, in the City of San Francisco,
16 California.  At said times and place, defendants failed to provide proper legal access to the
17 restaurant, which is a "public accommodation" and/or a "public facility" including, but not
18 limited to the entrance and the unisex restroom.  The denial of access was in violation of both
19 federal and California legal requirements, and plaintiff CRAIG YATES suffered violation of his
20 civil rights to full and equal access, and was embarrassed and humiliated.

21 **JURISDICTION AND VENUE:**

22   3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.
23 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*
24 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
25 nucleus of operative facts and arising out of the same transactions, are also brought under parallel
26 California law, whose goals are closely tied with the ADA, including but not limited to violations
27 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
28 *seq.*, including §19959; Title 24 California Building Standards Code.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

1     4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
2 founded on the facts that the real property which is the subject of this action is located at/near
3 845 Irving Street, in the City and County of San Francisco, State of California, and that
4 plaintiff's causes of action arose in this county.

5 **PARTIES:**

6     5.      Plaintiff CRAIG YATES is a "physically handicapped person," a "physically
7 disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
8 disabled", "physically handicapped" and "person with physical disabilities" are used
9 interchangeably, as these words have similar or identical common usage and legal meaning, but
10 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
11 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other
12 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
13 CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
14 and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a
15 wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that
16 portion of the public whose rights are protected by the provisions of Health & Safety Code
17 §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
18 Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
19 Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
20 §12101, *et seq.*

21     6.      Defendants BASIM N. DUDUM and JEANETTE B. DUDUM, Trustees of the
22 DUDUM FAMILY TRUST (hereinafter alternatively collectively referred to as "defendants") are
23 the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees,
24 of the public accommodation known as LITTLE BANGKOK, located at/near 845 Irving Street,
25 San Francisco, California, or of the building and/or buildings which constitute said public
26 accommodation.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1     7.     At all times relevant to this complaint, defendants BASIM N. DUDUM and

2 JEANETTE B. DUDUM, Trustees of the DUDUM FAMILY TRUST, own and operate in joint

3 venture the subject LITTLE BANGKOK as a public accommodation. This business is open to

4 the general public and conducts business therein. The business is a "public accommodation" or

5 "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,*

6 Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

7     8.     At all times relevant to this complaint, defendants BASIM N. DUDUM and

8 JEANETTE B. DUDUM, Trustees of the DUDUM FAMILY TRUST and the tenant/operator,

9 Vongsi Ko and May Ko are jointly and severally responsible to identify and remove architectural

10 barriers at the subject LITTLE BANGKOK pursuant to Code of Federal Regulations title 28,

11 section 36.201(b), which states in pertinent part:

12         **§ 36.201     General**

13             (b) *Landlord and tenant responsibilities.* Both the landlord
who owns the building that houses a place of public
14        accommodation and the tenant who owns or operates the place of
public accommodation are public accommodations subject to the
15        requirements of this part. As between the parties, allocation of
responsibility for complying with the obligations of this part may
16        be determined by lease or other contract.

17        28 CFR §36.201(b)

18 **PRELIMINARY FACTUAL ALLEGATIONS:**

19     9.     LITTLE BANGKOK, is a restaurant, located at/near 845 Irving Street, California.

20 The LITTLE BANGKOK, its entrance, unisex restroom, and its other facilities are each a "place

21 of public accommodation or facility" subject to the barrier removal requirements of the

22 Americans with Disabilities Act. On information and belief, each such facility has, since July 1,

23 1970, undergone "alterations, structural repairs and additions," each of which has subjected the

24 LITTLE BANGKOK and each of its facilities, its entrance and unisex restroom to disability

25 access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG),

26 and Title 24 of the California Code of regulations (Title 24).

27     ///

28     ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1   10.   On or about September 1978, defendants' and each of them purchased and/or

2   took possessory control of the premises now known as LITTLE BANGKOK. At all times prior

3   thereto, defendants' and each of them were aware of their obligation prior to the close of escrow,

4   or upon taking possessory interest that public accommodations had a duty to identify and remove

5   architectural barriers and were aware that restaurant was not accessible to the disabled.

6   Nevertheless, defendants' and each of them, operated LITTLE BANGKOK as though it was

7   accessible.

8   11.   At all times stated herein, defendants' and each of them with the knowledge that

9   each of them had a continuing obligation to identify and remove architectural barriers where it

10  was readily achievable to do so, failed to adopt a transition plan to provide better and/or

11  compliant access to the subject accommodation.

12  12.   At all times referred to herein and continuing to the present time, defendants, and

13  each of them, advertised, publicized and held out the LITTLE BANGKOK THAI CUISINE as

14  being handicapped accessible and handicapped usable.

15  13.   On or about May 27, 2009, August 18, 2009, September 13, 2009 and October 10,

16  2009, plaintiff CRAIG YATES was an invitee and guest at the subject LITTLE BANGKOK, for

17  purposes of having food and drinks.

18  14.   On or about May 27, 2009, plaintiff CRAIG YATES wheeled to the front entrance

19  of the LITTLE BANGKOK. Plaintiff CRAIG YATES struggled with the door while attempting

20  to open it causing stress and strain in the process. An individual inside the restaurant saw

21  plaintiff CRAIG YATES and came to the door and assisted plaintiff CRAIG YATES into the

22  restaurant.

23  15.   At said time and place, plaintiff CRAIG YATES needed to use the restroom but

24  plaintiff CRAIG YATES was prevented from doing so, because the doorway to the unisex

25  restroom was too narrow.

26  16.   On or about August 18, 2009, September 13, 2009 and October 10, 2009, plaintiff

27  CRAIG YATES returned to LITTLE BANGKOK. Plaintiff CRAIG YATES encountered the

28  same barrier, an inaccessible entrance. The entrance lacked strike side clearance on the pull side.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1    17.    At said times and place, plaintiff CRAIG YATES while attempting to gain

2    entrance was assisted by a person opening the door at the subject restaurant.

3    18.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a

4    disability, encountered the following inaccessible elements of the subject LITTLE BANGKOK

5    which constituted architectural barriers and a denial of the proper and legally-required access to a

6    public accommodation to persons with physical disabilities including, but not limited to:

7           a.    lack of directional signage to show accessible routes of travel, i.e.
                  entrances;

8
9           b.    lack of an accessible entrance due to the absence of strike side clearance;

10          c.    lack of a handicapped-accessible unisex public restroom; and

11          d.    On personal knowledge, information and belief, other public facilities and
                  elements too numerous to list were improperly inaccessible for use by
12                persons with physical disabilities.

13

14   19.    At all times stated herein, the existence of architectural barriers at defendants'

15   place of public accommodation evidenced "actual notice" of defendants' intent not to comply

16   with the Americans with Disabilities Act of 1990 either then, now or in the future.

17   20.    On or about July 17, 2009 and September 4, 2009, defendant(s) and the

18   tenant/operator were sent four (4) letters by or on behalf of plaintiff CRAIG YATES advising of

19   the existence of architectural barriers, requesting a response within 14 days and requesting

20   remedial measures be undertaken within 90 days or an explanation of why the time limit set could

21   not be met and/or extenuating circumstances. Said letters are attached hereto collectively as

22   exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to

23   respond evidenced an intent not to seek or engage in an early and reasonable resolution of the

24   matter.

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1    21.   At all times stated herein, defendants, and each of them, did not act as reasonable
2 and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
3 removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from
4 receiving the same goods and services as able bodied people and some of which may and did pose
5 a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result of
6 defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered
7 bodily injury.

8    22.   As a legal result of defendants BASIM N. DUDUM and JEANETTE B. DUDUM,
9 Trustees of the DUDUM FAMILY TRUST 's and the tenant/operators, Vongsi Ko and May Ko's
10 failure to act as a reasonable and prudent public accommodation in identifying, removing or
11 creating architectural barriers, policies, practices and procedures that denied access to plaintiff
12 and other persons with disabilities, plaintiff suffered the damages as alleged herein.

13    23.   As a further legal result of the actions and failure to act of defendants, and as a
14 legal result of the failure to provide proper handicapped-accessible public facilities as set forth
15 herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff
16 CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical
17 disabilities to full and equal access to public facilities, and further suffered bodily injury on or
18 about May 27, 2009, including, but not limited to, fatigue, stress, strain and pain in wheeling and
19 attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.
20 Specifically, as a legal result of defendants negligence in the design, construction and
21 maintenance of the existing front door entrance and failure to install an automatic door opener,
22 plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity while
23 attempting to open the entrance door.

24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1    24.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
2 mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
3 embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
4 person with physical disabilities being denied access, all to his damages as prayed hereinafter in
5 an amount within the jurisdiction of this court. No claim is being made for mental and emotional
6 distress over and above that usually associated with the discrimination and physical injuries
7 claimed, and no expert testimony regarding this usual mental and emotional distress will be
8 presented at trial in support of the claim for damages.

9    25.    Defendants', and each of their, failure to remove the architectural barriers
10 complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
11 accommodation, and continues to create continuous and repeated exposure to substantially the
12 same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

13   26.    Plaintiff CRAIG YATES was denied his rights to equal access to a public facility
14 by defendants BASIM N. DUDUM and JEANETTE B. DUDUM, Trustees of the DUDUM
15 FAMILY TRUST and the tenant/operator, because defendants BASIM N. DUDUM and
16 JEANETTE B. DUDUM, Trustees of the DUDUM FAMILY TRUST and the tenant/operator
17 maintained a restaurant without access for persons with physical disabilities to its facilities,
18 including but not limited to the entrance, unisex restroom, and other public areas as stated herein,
19 and continue to the date of filing this complaint to deny equal access to plaintiff and other persons
20 with physical disabilities in these and other ways.

21   27.    On information and belief, construction alterations carried out by defendants
22 and/or the tenant/operator have also triggered access requirements under both California law and
23 the Americans with Disabilities Act of 1990.

24   28.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the LITTLE
25 BANGKOK to be made accessible to meet the requirements of both California law and the
26 Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants
27 operate the restaurant as a public facility.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1    29.    Plaintiff seeks damages for violation of their civil rights on May 27, 2009, August
2  18, 2009, September 13, 2009 and October 10, 2009 and seeks statutory damages of not less than
3  $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for
4  each day after his visit that the trier of fact (court/jury) determines was the date that some or all
5  remedial work should have been completed under the standard that the landlord and tenant had an
6  ongoing duty to identify and remove architectural barriers where it was readily achievable to do
7  so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation
8  because of his knowledge and/or belief that neither some or all architectural barriers had been
9  removed and that said premises remains inaccessible to persons with disabilities whether a
10  wheelchair user or otherwise.

11    30.    On information and belief, defendants have been negligent in their affirmative duty
12  to identify the architectural barriers complained of herein and negligent in the removal of some or
13  all of said barriers.

14    31.    Because of defendants' violations, plaintiff and other persons with physical
15  disabilities are unable to use public facilities such as those owned and operated by defendants on a
16  "full and equal" basis unless such facility is in compliance with the provisions of the Americans
17  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
18  other accessibility law as plead herein. Plaintiff seeks an order from this court compelling
19  defendants to make the LITTLE BANGKOK accessible to persons with disabilities.

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1      32.    On information and belief, defendants have intentionally undertaken to modify and
2 alter existing building(s), and have failed to make them comply with accessibility requirements
3 under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each
4 of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
5 and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried
6 out by defendants, and each of them, with a willful and conscious disregard for the rights and
7 safety of plaintiff and other similarly situated persons, and justify a trebling of damages as
8 provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
9 defendants, and each of them, to other operators and landlords of other restaurants and other
10 public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51,
11 51.5 and 54.

12      33.    Plaintiff is informed and believes and therefore alleges that defendants BASIM N.
13 DUDUM and JEANETTE B. DUDUM, Trustees of the DUDUM FAMILY TRUST, and each of
14 them, caused the subject building(s) which constitute the LITTLE BANGKOK to be constructed,
15 altered and maintained in such a manner that persons with physical disabilities were denied full
16 and equal access to, within and throughout said building(s) of the restaurant and were denied full
17 and equal use of said public facilities. Furthermore, on information and belief, defendants and the
18 tenant/operator have continued to maintain and operate said restaurant and/or its building(s) in
19 such conditions up to the present time, despite actual and constructive notice to such defendants
20 that the configuration of the subject restaurant and/or its building(s) is in violation of the civil
21 rights of persons with physical disabilities, such as plaintiff CRAIG YATES, and other members
22 of the disability community. Such construction, modification, ownership, operation, maintenance
23 and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and
24 Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

25 ///
26 ///
27 ///
28 ///

34. On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the LITTLE BANGKOK and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state and federal law, to make the LITTLE BANGKOK THAI CUISINE accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiff and other persons with physical disabilities to the restaurant. Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

35. Plaintiff CRAIG YATES and the disability community, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

///

**I.** **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants BASIM N. DUDUM and JEANETTE B. DUDUM, Trustees of the DUDUM FAMILY TRUST, inclusive)
(42 U.S.C. §12101, *et seq.*)

36.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 35 of this complaint.

37.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

§12101 regarding persons with physical disabilities, finding that laws were needed to more fully

protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

38.     Congress stated as its purpose in passing the Americans with Disabilities Act of

1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    39.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2   (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3   Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

4   accommodations identified for purposes of this title was:

5           (7)    PUBLIC ACCOMMODATION - The following private
                   entities are considered public accommodations for purposes of this
6                  title, if the operations of such entities affect commerce -

7                                          ---

8                  (B) a restaurant, bar or other establishment serving food or drink.

9           42 U.S.C. §12181(7)(B)

10   40.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

11  on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

12  privileges, advantages, or accommodations of any place of public accommodation by any person

13  who owns, leases, or leases to, or operates a place of public accommodation."

14   41.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

15  42 U.S.C. §12182(b)(2)(a) are:

16          (I)    the imposition or application of eligibility criteria
                   that screen out or tend to screen out an individual with a disability
17                 or any class of individuals with disabilities from fully and equally
                   enjoying any goods, services, facilities, privileges, advantages, or
18                 accommodations, unless such criteria can be shown to be necessary
                   for the provision of the goods, services, facilities, privileges,
19                 advantages, or accommodations being offered;

20          (ii)   a failure to make reasonable modifications in
                   policies, practices, or procedures, when such modifications are
21                 necessary to afford such goods, services, facilities, privileges,
                   advantages or accommodations to individuals with disabilities,
22                 unless the entity can demonstrate that making such modifications
                   would fundamentally alter the nature of such goods, services,
23                 facilities, privileges, advantages, or accommodations;

24          (iii)  a failure to take such steps as may be necessary to
                   ensure that no individual with a disability is excluded, denied
25                 services, segregated or otherwise treated differently than other
                   individuals because of the absence of auxiliary aids and services,
26                 unless the entity can demonstrate that taking such steps would
                   fundamentally alter the nature of the good, service, facility,
27                 privilege, advantage, or accommodation being offered or would
                   result in an undue burden;

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

1

2

       (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

3

4

5

       (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

6 The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

7 Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

8 January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

9 §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

10     42.    The removal of the barriers complained of by plaintiff as hereinabove alleged was

11 at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the subject

12 restaurant pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the

13 removal of all the barriers complained of herein together was not "readily achievable," the

14 removal of each individual barrier complained of herein was "readily achievable." On

15 information and belief, defendants' failure to remove said barriers was likewise due to

16 discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

17 (b)(2)(A)(i)and (ii).

18     43.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

19 accomplishable and able to be carried out without much difficulty or expense." The statute

20 defines relative "expense" in part in relation to the total financial resources of the entities

21 involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

22 plaintiff complains of herein were and are "readily achievable" by the defendants under the

23 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

24 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

25 make the required services available through alternative methods which were readily achievable.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1    44.    On information and belief, construction work on, and modifications of, the subject
2  building(s) of LITTLE BANGKOK occurred after the compliance date for the Americans with
3  Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of
4  the ADA.

5    45.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
6  *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
7  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
8  of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
9  to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or
10  making use of the public facilities complained of herein so long as the premises and defendants'
11  policies bar full and equal use by persons with physical disabilities.

12    46.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
13  disability to engage in a futile gesture if such person has actual notice that a person or
14  organization covered by this title does not intend to comply with its provisions." Pursuant to this
15  section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about
16  October 10, 2009, but on information and belief, alleges that defendants have continued to violate
17  the law and deny the rights of plaintiff and of other persons with physical disabilities to access this
18  public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
19  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
20  facilities readily accessible to and usable by individuals with disabilities to the extent required by
21  this title."

22    47.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights
23  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement
24  the Americans with Disabilities Act of 1990, including but not limited to an order granting
25  injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being
26  deemed to be the prevailing party.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

**II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants BASIM N. DUDUM and JEANETTE B. DUDUM, Trustees of the DUDUM FAMILY TRUST, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

48. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 47 of this complaint.

49. At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

50. California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

51. California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

> Civil Code §54.1(d)

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1    52.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2 whose rights have been infringed upon and violated by the defendants, and each of them, as

3 prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

4 knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5 Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

6 defendants' LITTLE BANGKOK. As a legal result, plaintiff is entitled to seek damages pursuant

7 to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day

8 on which he visited or have been deterred from visiting the LITTLE BANGKOK THAI CUISINE

9 because of his knowledge and belief that the restaurant is inaccessible to persons with disabilities.

10 California Civil Code §54.3(a) provides:

11            Any person or persons, firm or corporation, who denies or interferes
             with admittance to or enjoyment of the public facilities as specified
12            in Sections 54 and 54.1 or otherwise interferes with the rights of an
             individual with a disability under Sections 54, 54.1 and 54.2 is
13            liable for each offense for the actual damages and any amount as
             may be determined by a jury, or the court sitting without a jury, up
14            to a maximum of three times the amount of actual damages but in
             no case less than . . .one thousand dollars ($1,000) and . . .
15            attorney's fees as may be determined by the court in addition
             thereto, suffered by any person denied any of the rights provided in
16            Sections 54, 54.1 and 54.2.

17            Civil Code §54.3(a)

18    53.    On or about May 27, 2009, August 18, 2009, September 13, 2009 and

19 October 10, 2009, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in

20 that plaintiff CRAIG YATES was denied access to the entrance and the unisex restroom and other

21 public facilities as stated herein at the LITTLE BANGKOK and on the basis that plaintiff CRAIG

22 YATES was a person with physical disabilities.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    54.    As a result of the denial of equal access to defendants' facilities due to the acts and
2   omissions of defendants, and each of them, in owning, operating and maintaining these subject
3   public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
4   rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical
5   discomfort, bodily injury on or about May 27, 2009, including, but not limited to, fatigue, stress,
6   strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around
7   and through architectural barriers. Specifically, as a legal result of defendants negligence in the
8   design, construction and maintenance of the existing front door entrance and failure to install an
9   automatic door opener, plaintiff suffered continuous, repetitive and cumulative trauma to his right
10  upper extremity while attempting to open the entrance door

11    55.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
12  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
13  and worry, all of which are expectedly and naturally associated with a denial of access to a person
14  with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
15  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
16  person or an entity that represents persons with physical disabilities and unable, because of the
17  architectural barriers created and maintained by the defendants in violation of the subject laws, to
18  use the public facilities hereinabove described on a full and equal basis as other persons.

19    56.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
20  seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
21  as a person or an entity that represents persons with physical disabilities on or about
22  May 27, 2009, August 18, 2009, September 13, 2009 and October 10, 2009, and on a continuing
23  basis since then, including statutory damages, a trebling of all of actual damages, general and
24  special damages available pursuant to §54.3 of the Civil Code according to proof.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1        57.    As a result of defendants', and each of their, acts and omissions in this regard,

2 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

3 plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

4 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to

5 the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all

6 reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,

7 plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to

8 compel the defendants to make their facilities accessible to all members of the public with

9 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

10 the provisions of §1021.5 of the Code of Civil Procedure.

11 **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

12     (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants BASIM N. DUDUM and JEANETTE B. DUDUM, Trustees of the DUDUM FAMILY TRUST,

13     inclusive)

14     (Health & Safety Code §19955, *et seq.*)

15        58.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

16 the allegations contained in paragraphs 1 through 57 of this complaint.

17        59.    Health & Safety Code §19955 provides in pertinent part:

18           The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the

19           provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part

20           "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general

21           public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary

22           facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for

23           the handicapped.

24 ///

25 ///

26 ///

27 ///

28 ///

1       60.    Health & Safety Code §19956, which appears in the same chapter as §19955,
2 provides in pertinent part, "accommodations constructed in this state shall conform to the
3 provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government
4 Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all
5 public accommodations constructed or altered after that date. On information and belief, portions
6 of the LITTLE BANGKOK and/or of the building(s) were constructed and/or altered after July 1,
7 1970, and substantial portions of the restaurant and/or the building(s) had alterations, structural
8 repairs, and/or additions made to such public accommodations after July 1, 1970, thereby
9 requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et
10 seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health
11 & Safety Code §19959.

12       61.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
13 Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
14 1982, Title 24 of the California Building Standards Code adopted the California State Architect's
15 Regulations and these regulations must be complied with as to any alterations and/or
16 modifications of the subject restaurant and/or the building(s) occurring after that date.
17 Construction changes occurring prior to this date but after July 1, 1970 triggered access
18 requirements pursuant to the "ASA" requirements, the American Standards Association
19 Specifications, A117.1-1961. On information and belief, at the time of the construction and
20 modification of said building, all buildings and facilities covered were required to conform to
21 each of the standards and specifications described in the American Standards Association
22 Specifications and/or those contained in Title 24 of the California Building Standards Code.

23       62.    Restaurants such as the LITTLE BANGKOK THAI CUISINE are "public
24 accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.
25 ///
26 ///
27 ///
28 ///

1 63. As a result of the actions and failure to act of defendants, and as a result of the
2 failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied
3 plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil
4 rights and plaintiff's rights as a person with physical disabilities to full and equal access to public
5 facilities.

6 64. Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
7 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's
8 civil rights and enforce provisions of the law protecting access for the persons with physical
9 disabilities and prohibiting discrimination against the persons with physical disabilities, and to
10 take such action both in plaintiff's own interests and in order to enforce an important right
11 affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all
12 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
13 §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953
14 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and
15 litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).
16 Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

17 65. Plaintiff seeks injunctive relief for an order compelling defendants, and each of
18 them, to make the subject place of public accommodation readily accessible to and usable by
19 persons with disabilities.

20 **IV. FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND**
  **EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
21 **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET*
  ***SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
22 (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants BASIM N.
  DUDUM and JEANETTE B. DUDUM, Trustees of the DUDUM FAMILY TRUST,
23 inclusive)
  (Civil Code §51, 51.5)
24

25 66. Plaintiff repleads and incorporates by reference, as if fully set forth again herein,
26 the allegations contained in paragraphs 1 through 65 of this complaint.
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

1     67.    Defendants' actions and omissions and failure to act as a reasonable and prudent

2 public accommodation in identifying, removing and/or creating architectural barriers, policies,

3 practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

4 Unruh Act provides:

5                This section shall be known, and may be cited, as the Unruh
Civil Rights Act.

6

7                All persons within the jurisdiction of this state are free and
equal, and no matter what their sex, race, color, religion, ancestry,
national origin, or **disability** are entitled to the full and equal

8       accommodations, advantages, facilities, privileges, or services in all
business establishments of every kind whatsoever.

9

10                This section shall not be construed to confer any right or
privilege on a person that is conditioned or limited by law or that is
applicable alike to persons of every sex, color, race, religion,

11       ancestry, national origin, or **disability.**

12                Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or

13       modification of any sort whatsoever, beyond that construction,
alteration, repair, or modification that is otherwise required by other

14       provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything

15       in this section be construed to augment, restrict, or alter in any way
the authority of the State Architect to require construction,

16       alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other . . . laws.

17

18                A violation of the right of any individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336) shall
also constitute a violation of this section.

19

20 As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

21 "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

22 failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

23 failing to act to identify and remove barriers can be construed as a "negligent per se" act of

24 defendants, and each of them.

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

1    68.    The acts and omissions of defendants stated herein are discriminatory in nature and

2  in violation of Civil Code §51.5:

3         No business establishment of any kind whatsoever shall
        discriminate against, boycott or blacklist, refuse to buy from, sell to,
4       or trade with any person in this state because of the race, creed,
        religion, color, national origin, sex, or **disability** of the person or of
5       the person's partners, members, stockholders, directors, officers,
        managers, superintendents, agents, employees, business associates,
6       suppliers, or customers.

7         As used in this section, "person" includes any person, firm
        association, organization, partnership, business trust, corporation,
8       limited liability company, or company.

9         Nothing in this section shall be construed to require any
        construction, alteration, repair, structural or otherwise, or
10      modification of any sort whatsoever, beyond that construction,
        alteration, repair or modification that is otherwise required by other
11      provisions of law, to any new or existing establishment, facility,
        building, improvement, or any other structure . . . nor shall anything
12      in this section be construed to augment, restrict or alter in any way
        the authority of the State Architect to require construction,
13      alteration, repair, or modifications that the State Architect otherwise
        possesses pursuant to other laws.

14

15    69.    Defendants' acts and omissions as specified have denied to the plaintiff full and

16  equal accommodations, advantages, facilities, privileges and services in a business establishment,

17  on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

18  Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

19  violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

20  Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates

21  the entirety of his above cause of action for violation of the Americans with Disabilities Act at *36*,

22  *et seq.*, as if repled herein.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1     70.    As a further legal result of the actions and failure to act of defendants, and as a

2 legal result of the failure to provide proper handicapped-accessible public facilities as set forth

3 herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff

4 CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical

5 disabilities to full and equal access to public facilities, and further suffered bodily injury on or

6 about May 27, 2009, including, but not limited to, fatigue, stress, strain and pain in wheeling and

7 attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.

8 Specifically, as a legal result of defendants negligence in the design, construction and

9 maintenance of the existing front door entrance and failure to install an automatic door opener,

10 plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity while

11 attempting to open the entrance door.

12     71.    Further, plaintiff CRAIG YATES suffered mental distress, mental

13 suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,

14 disappointment and worry, all of which are expectedly and naturally associated with a denial of

15 access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

16 Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

17 basis that plaintiff is a person or an entity that represents persons with physical disabilities and

18 unable, because of the architectural barriers created and maintained by the defendants in violation

19 of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

20 other persons.

21     72.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)

22 of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

23 mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

24 allowed by statute, according to proof if deemed to be the prevailing party.

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1 **PRAYER:**

2     Plaintiff prays that this court award damages and provide relief as follows:

3 **I.**    **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

4     **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101,** *et seq.***)**
    (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants BASIM N.

5     DUDUM and JEANETTE B. DUDUM, Trustees of the DUDUM FAMILY TRUST, inclusive)

6     (42 U.S.C. §12101, *et seq.*)

7     1.    For injunctive relief, compelling defendants BASIM N. DUDUM and JEANETTE

8 B. DUDUM, Trustees of the DUDUM FAMILY TRUST, inclusive, to make the LITTLE

9 BANGKOK, located at 845 Irving Street, San Francisco, California, readily accessible to and

10 usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable

11 modifications in policies, practice, eligibility criteria and procedures so as to afford full access to

12 the goods, services, facilities, privileges, advantages and accommodations being offered.

13     2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

14 prevailing party; and

15     3.    For such other and further relief as the court may deem proper.

16 **II.**    **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**

17     **AND 54.3,** *ET SEQ.*
    (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants BASIM N.

18     DUDUM and JEANETTE B. DUDUM, Trustees of the DUDUM FAMILY TRUST, inclusive)

19     (California Civil Code §§54, 54.1, 54.3, *et seq.*)

20

21     1.    For injunctive relief, compelling defendants BASIM N. DUDUM and JEANETTE

22 B. DUDUM, Trustees of the DUDUM FAMILY TRUST, inclusive, to make the LITTLE

23 BANGKOK, located at 845 Irving Street, San Francisco, California, readily accessible to and

24 usable by individuals with disabilities, per state law.

25     2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

26 each occasion on which plaintiff was deterred from returning to the subject public

27 accommodation.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

1        3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

2   if plaintiffs are deemed the prevailing party;

3        4.      Treble damages pursuant to Civil Code §54.3;

4        5.      General damages according to proof;

5        6.      For all costs of suit;

6        7.      Prejudgment interest pursuant to Civil Code §3291; and

7        8.      Such other and further relief as the court may deem just and proper.

8   **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE**
             **SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
9            **§19955, *ET. SEQ.***
             (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants BASIM N.
10           DUDUM and JEANETTE B. DUDUM, Trustees of the DUDUM FAMILY TRUST,
             inclusive)
11           (Health & Safety code §19955, *et seq.*)

12       1.      For injunctive relief, compelling defendants BASIM N. DUDUM and JEANETTE

13  B. DUDUM, Trustees of the DUDUM FAMILY TRUST, inclusive, to make the LITTLE

14  BANGKOK, located at 845 Irving Street, San Francisco, California, readily accessible to and

15  usable by individuals with disabilities, per state law.

16       2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

17  alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

18       3.      For all costs of suit;

19       4.      For prejudgment interest pursuant to Civil Code §3291;

20       5.      Such other and further relief as the court may deem just and proper.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

**IV.  PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants BASIM N. DUDUM and JEANETTE B. DUDUM, Trustees of the DUDUM FAMILY TRUST, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2. Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3. General damages according to proof;

4. Treble damages pursuant to Civil Code §52(a);

5. For all costs of suit;

6. Prejudgment interest pursuant to Civil Code §3291; and

///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

1       7.    Such other and further relief as the court may deem just and proper.

2

3 Dated: _10/23/09_, 2009      THOMAS E. FRANKOVICH,

4                               *A PROFESSIONAL LAW CORPORATION*

5

6                           By:

7                             THOMAS E. FRANKOVICH

8                             Attorneys for Plaintiff CRAIG YATES, an individual

9

                                    **DEMAND FOR JURY TRIAL**

10

      Plaintiff hereby demands a jury for all claims for which a jury is permitted.

11

12 Dated: _10/23/09_, 2009      THOMAS E. FRANKOVICH,

13                                 *A PROFESSIONAL LAW CORPORATION*

14

15                           By:

16                             THOMAS E. FRANKOVICH
                            Attorneys for Plaintiff CRAIG YATES, an individual

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

July 17, 2009

Manager
Little Bangkok Thai
845 Irving Street
San Francisco, CA 94122

Dear Manager of Little Bangkok:

Recently, I visited Little Bangkok. As I use a wheelchair, I had problems with getting in. I couldn't open the door and had to wait for someone to open it for me. Many places like Little Bangkok put in a power door, or change to door swing, or remove the door stops, or make the entry way flush with the front or find a way to make wheelchair access. Also, I couldn't get to the restrooms because the doorway to the restrooms is too narrow. Would a wheelchair users be able to use a restroom?

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed almost 20 years ago. July 26, 2009 is the 19th Anniversary of the Americans with Disabilities Act of 1990. Time sure flies by doesn't it? During that time, places like yours were to be made accessible. The Little Bangkok is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten almost 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Little Bangkok once it's accessible to me. I may still come back before you do the work just because I like the food. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

July 17, 2009

Owner of the Building
Little Bangkok Thai
845 Irving Street
San Francisco, CA 94122

Dear Owner of the Building for Little Bangkok:

Recently, I visited Little Bangkok. As I use a wheelchair, I had problems with getting in. I couldn't open the door and had to wait for someone to open it for me. Many places like Little Bangkok put in a power door, or change to door swing, or remove the door stops, or make the entry way flush with the front or find a way to make wheelchair access. Also, I couldn't get to the restrooms because the doorway to the restrooms is too narrow. Would a wheelchair users be able to use a restroom?

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed almost 20 years ago. July 26, 2009 is the 19th Anniversary of the Americans with Disabilities Act of 1990. Time sure flies by doesn't it? During that time, places like yours were to be made accessible. The Little Bangkok is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten almost 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Little Bangkok once it's accessible to me. I may still come back before you do the work just because I like the food. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

September 4, 2009

Manager
Little Bangkok Thai
845 Irving Street
San Francisco, CA 94122

Dear Manager of Little Bangkok:

Hello, I was wondering, what is going on with my suggestions to put a power door in? It would be real helpful to wheelchair users to be able to get into the restaurant.

Please write me when you get this letter. Let me know.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

September 4, 2009

Owner of the Building
Little Bangkok Thai
845 Irving Street
San Francisco, CA 94122

Dear Owner of the Building for Little Bangkok:

Hello, I was wondering, what is going on with my suggestions to put a power door in? It would be real helpful to wheelchair users to be able to get into the restaurant.

Please write me when you get this letter. Let me know.

Sincerely,

Craig Yates